**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARLON ALONZO SMITH,

    Defendant - Appellant.

No. 25-4034
(D.C. Nos. 2:21-CV-00081-DN &
2:16-CR-00020-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Martin Alonzo Smith appeals from the district court's denial of his motions for the appointment of counsel. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In January 2016, Mr. Smith was driving a rented car on a Utah highway, and a police officer stopped him for speeding. With the help of a drug-sniffing dog, officers found a large quantity of methamphetamine in the car. Mr. Smith was

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convicted of possessing methamphetamine with the intent to distribute and sentenced to 180 months in prison. This court affirmed his conviction on direct appeal. Mr. Smith later filed a habeas motion under 28 U.S.C. § 2255, which was denied. This court denied a certificate of appealability (COA).

Mr. Smith then filed a Rule 60(b) motion, arguing among other things that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose a rental car receipt and information about a degenerative joint disorder suffered by the drug-sniffing dog. The district court concluded Mr. Smith's motion was actually a second or successive § 2255 motion because he was challenging the validity of his underlying conviction and sentence. Because Mr. Smith had not obtained authorization from this court to file a successive § 2255 motion, the district court dismissed the motion for lack of jurisdiction. Mr. Smith filed a Notice of Appeal (No. 25-4010), but then voluntarily dismissed the appeal.

Around the time Mr. Smith withdrew his appeal in No. 25-4010, he filed another Rule 60 motion in the district court. He again asserted a *Brady* claim based on the government's alleged failure to disclose a rental car receipt. The district court again construed the motion as an attempt to assert an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Smith sought a COA from the district court's dismissal, which this court denied (No. 25-4033).

During the pendency of his Rule 60 motions, Mr. Smith filed two motions for the appointment of counsel, in which he sought counsel to assist with an appeal of his Rule 60 arguments. The district court essentially denied the motions as moot, finding

2

that appointment of counsel would not be in the interests of justice because his Rule 60 arguments were actually unauthorized second or successive § 2255 motions over which the district court lacked jurisdiction.  Mr. Smith has appealed the denial of his motions for appointment of counsel.

We review the denial of a motion for appointment of counsel for an abuse of discretion.  *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).  Mr. Smith's briefing does not address the district court's reasoning for the denial of his motions, and we discern no abuse of discretion in the district court's decision.  Accordingly, we affirm the denial of the motions for appointment of counsel.

Entered for the Court


Gregory A. Phillips
Circuit Judge

3